IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Paul Andrus and Ronald Berresford, individually and as representatives of a class of similarly situated persons, and on behalf of the New York Life Agents Progress-Sharing Investment Plan and the New York Life Insurance Company Employee Progress-Sharing Investment Plan,<br><br>      **Plaintiffs,**<br><br>  v.<br><br>**New York Life Insurance Company, New York Life Investment Management LLC, New York Life Investment Management Holdings LLC, Cornerstone Capital Management Holdings LLC, Cornerstone Capital Management LLC, Board Of Trustees Of The New York Life Agents Progress-Sharing Plan, Board Of Trustees Of The New York Life Insurance Company Employee Progress-Sharing Plan, Maria J. Mauceri, Barry A. Schub, John Y. Kim, Arthur H. Seter, Drew E. Lawton, Michael M. Oleske, Robert J. Hynes, And John Does 1-30,**<br><br>      **Defendants.** | Civil Action No.: 1:16-cv-05698<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: <u>February 16, 2017</u> |

**FINDINGS AND ORDER GRANTING PRELIMINARY APPROVAL
TO PROPOSED SETTLEMENT, APPROVING FORM AND DISSEMINATION OF
<u>CLASS NOTICE, AND SETTING DATE FOR HEARING ON FINAL APPROVAL</u>**

This litigation arose out of claims involving alleged breaches of fiduciary duties in violation of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 et seq., against New York Life Insurance Company, New York Life Investment Management LLC, New York Life Investment Management Holdings LLC, Cornerstone Capital Management Holdings LLC, and Cornerstone Capital Management LLC (collectively, "NY

Life"),  as well as the Boards of Trustees of the Plans and Maria J. Mauceri, Barry A. Schub, John Y. Kim, Drew E. Lawton, Michael M. Oleske, Robert J. Hynes, and Arthur Seter (collectively with NY Life, "Defendants").

Presented to the Court for preliminary approval is a settlement of the litigation as against all Defendants.  The terms of the Settlement are set out in a Class Action Settlement Agreement dated February 14, 2017 (the "Settlement Agreement"), executed by the Named Plaintiffs and counsel for the Defendants.  Except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

The Court has preliminarily considered the Settlement to determine, among other things, whether to certify a class for settlement purposes only and whether the Settlement is sufficient to warrant the issuance of notice to members of the Settlement Class. Upon reviewing the record and good cause appearing therefor,

**It is hereby ORDERED, ADJUDGED AND DECREED as follows:**

      1.      **Preliminary Findings Regarding Proposed Settlement**: The Court preliminarily finds that:

      A.    The proposed settlement resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

      B.    The Settlement was negotiated only after Class Counsel had conducted a pre-settlement investigation and received pertinent information and documents from Defendants;

      C.    Class Counsel and the Class Representatives have concluded that the Settlement Agreement is fair, reasonable and adequate; and

      D.    The Settlement is sufficiently fair, reasonable, and adequate to warrant sending notice of the Settlement to the Settlement Class.

2.      **Fairness Hearing**: A hearing (the "Fairness Hearing") is scheduled at the United States District Court for the Southern District of New York, Judge Katherine Polk Failla presiding, at `3:00 p.m.` on `June 15`, 2017, a date no sooner than one hundred twenty (120) calendar days after the date the Motion for Entry of the Preliminary Order is filed, to determine, among other issues:

   A.   Whether the Settlement Agreement should be approved as fair, reasonable, and adequate;

   B.   Whether the Court should enter the Final Approval Order, and

   C.   Whether the Court should approve the application for Attorneys' Fees and Costs, Class Representatives' Compensation, any Administrative Expenses exceeding the $50,000 amount that Defendants have agreed to pay separately, and a reserve for anticipated future Administrative Expenses.

3.      **Settlement Administrator:** The Court approves and orders that Analytics shall be the Settlement Administrator responsible for carrying out the responsibilities set forth herein and in the Settlement Agreement.

4.      **Class Certification:** The motion to certify the class for settlement purposes only will be granted on a preliminary basis and pursuant to Fed. R. Civ. P. 23(b)(1). The class is defined as: all persons who participated in the New York Life Insurance Company Employee Progress-Sharing Investment Plan or the New York Life Agents Progress-Sharing Investment Plan (collectively, the "Plans") whose Plan account included an investment in the MainStay S&P 500 Fund at any time during the period between July 18, 2010 and July 19, 2016 (the "Class Period"), including any Beneficiary of a deceased person who participated in the Plans at any time during the Class Period, and/or, Alternate Payees, in the case of a person subject to a

Qualified Domestic Relations Order who participated in the Plans at any time during the Class Period.

     **5.**    **Class Notice**:  The Settling Parties have presented to the Court proposed forms of notice regarding the settlement for mailing to Class Members ("Settlement Notice") and the Former Participant Claim Form to Former Participations.

         A.    The Court finds that the proposed forms and content therein fairly and adequately:

              i.    Describe the terms and effect of the Settlement Agreement and of the Settlement;

             ii.    Notify the Settlement Class that Class Counsel will seek compensation from the Settlement Fund for attorneys' fees and costs, and Class Representatives' Compensation;

             iii.    Give notice to the Settlement Class of the time and place of the Fairness Hearing, and Class Members' right to appear; and

             iv.    Describe how the recipients of the Class Notice may object to the Settlement, or any requested attorneys' fees and costs, or Class Representatives' Compensation.

         B.    The Settlement Administrator will send by first class mail the appropriate Settlement Notice to each Class Member and the Former Participant Claim Form to each Former Participant within thirty (30) days of the date of this Order, as specified in the Settlement Agreement.

         C.    Pursuant to Rules 23(c)(2) and (e) of the Federal Rules of Civil Procedure, the contents of the Settlement Notices and mailing the Settlement Notices constitutes the best notice

practicable under the circumstances, provides due and sufficient notice of the Fairness Hearing and of the rights of all Class Members, and complies fully with the requirements of Fed. R. Civ. P. 23, the Constitution of the United States, and any other applicable law.

6. **Preliminary Injunction:**  Each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, are preliminarily enjoined from suing Defendants, the Plans, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Members or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims.

Further, pending final determination of whether the Settlement Agreement should be approved, no Class Member may directly, through representatives, or in any other capacity, commence any action or proceeding in any court or tribunal asserting any of the Released Claims against the Defendants, the Released Parties, or the Plans.

7. **Objections to Settlement**:    Any objections to the fairness, reasonableness or adequacy of the Settlement, to any term of the Settlement Agreement, to the proposed award of attorneys' fees and costs, or to any request for compensation for the Class Representatives shall be considered, by the Court at the Fairness Hearing, if they have been filed validly with the Clerk of the Court and copies provided to Class Counsel and Defense Counsel.  To be filed validly, the objection and any supporting documents must be filed at least thirty (30) days prior to the scheduled Final Approval Hearing.  Any person wishing to speak at the Fairness Hearing shall file and serve a notice of intent to appear within the time limitation set forth above.

8.  **Responses to Objections and Final Approval Motion**:  Any party may file a response to an objection by a Class Member at least fourteen (14) days before the Fairness Hearing, and Plaintiffs shall file their Final Approval Motion at least fourteen (14) days before the Fairness Hearing.

9.  **CAFA Notices**:  The form of notices pursuant to the Class Action Fairness Act ("CAFA"), 29 U.S.C. § 1711, et seq., attached hereto, is approved.  Upon mailing of the CAFA notices, Defendants shall have fulfilled their obligations under CAFA.

10. **Plan of Allocation Distribution**:  In order to be considered for a distribution pursuant to the Plan of Allocation, each Former Participant must file a Former Participant Claim Form with the Settlement Administrator no later than ten (10) days before the Fairness Hearing.

11. **Continuance of Hearing**:  The Court may adjourn or continue the Fairness Hearing without further direct notice to the Class Members, other than by notice to Class Counsel.

**IT IS SO ORDERED.**

DATED: __February 16__, 2017

*[Signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE