USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  June 15, 2017 

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X
:
PAUL ANDRUS and RONALD :
BERRESFORD, *individually and as* :
*representatives of a class of similarly* :
*situated persons, and on behalf of the New* :
*York Life Agents Progress-Sharing* :
*Investment Plan and the New York Life* :
*Insurance Company Employee Progress-* :
*Sharing Investment Plan,* :
:
                     Plaintiffs, :
:
          v. :
:
NEW YORK LIFE INSURANCE COMPANY, :    16 Civ. 5698 (KPF)
NEW YORK LIFE INVESTMENT :
MANAGEMENT LLC, NEW YORK LIFE :    FINAL APPROVAL
INVESTMENT MANAGEMENT HOLDINGS :       ORDER AND
LLC, CORNERSTONE CAPITAL :        JUDGMENT
MANAGEMENT HOLDINGS LLC, :
CORNERSTONE CAPITAL MANAGEMENT :
LLC, BOARD OF TRUSTEES OF THE NEW :
YORK LIFE AGENTS PROGRESS-SHARING :
INVESTMENT PLAN, BOARD OF :
TRUSTEES OF THE NEW YORK LIFE :
INSURANCE COMPANY EMPLOYEE :
PROGRESS-SHARING PLAN, MARIA J. :
MAUCERI, BARRY A SCHUB, JOHN Y. :
KIM, ARTHUR H. SETER, DREW E. :
LAWTON, MICHAEL M. OLESKE, ROBERT :
J. HYNES, and JOHNS DOES 1-30, :
:
                    Defendants. :
:
------------------------------------------------------X

KATHERINE POLK FAILLA, District Judge:

        **Wherefore, this 15th day of June, 2017,** upon consideration of

Plaintiffs' motion for final approval of the Class Action Settlement Agreement

dated February 14, 2017 (herein the "Settlement") in the above matter, the Court hereby orders and adjudges as follows:

1. For purposes of this Final Approval Order and Judgment, except as otherwise defined herein, all capitalized terms used herein shall have the same meaning as are ascribed to them in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of this action and personal jurisdiction over all parties to the action, including all members of the Settlement Class.

3. The Court confirms that the class certified under Fed. R. Civ. P. 23(b)(1) is appropriate, and the Court certifies the following non-opt-out class:

> All persons who participated in the New York Life Insurance Company Employee Progress-Sharing Investment Plan or the New York Life Agents Progress-Sharing Investment Plan (collectively, the "Plans") whose Plan account included an investment in the MainStay S&P 500 Index Fund at any time during the period between July 18, 2010 and July 19, 2016 (the "Class Period"), including any Beneficiary of a deceased person who participated in the Plans at any time during the Class Period, and/or, Alternate Payees, in the case of a person subject to a Qualified Domestic Relations Order who participated in the Plans at any time during the Class Period.

4. Pursuant to Fed. R. Civ. P. 23(e)(1)(A) and (C), the Court hereby approves and confirms the Settlement and the terms therein as being a fair, reasonable, and adequate settlement and compromise of the claims asserted in the Class Action.

5. The Court hereby approves the Settlement and orders that the Settlement shall be consummated and implemented in accordance with its terms and conditions.

6. In accordance with the Court's Orders, and as reflected in the information from the Settlement Administrator, 16,164 Settlement Notices were timely distributed by first-class mail to all Class Members who could be identified with reasonable effort. Of those, 224 (1.4%) were ultimately undeliverable. The Settlement Administrator searched for updated address information for those returned as undeliverable, and re-mailed notices to those Class Members. In addition, pursuant to the Class Action Fairness Act, 29 U.S.C. § 1711, *et seq.*, a separate notice of the Settlement ("CAFA Notice") was provided to the Attorneys General for each of the states in which a Class Member resides, the Attorney General of the United States, and the United States Secretary of Labor.

7. The form and methods of notifying the Class Members of the terms and conditions of the proposed Settlement Agreement met the requirements of Fed. R. Civ. P. 23(c)(2) and (e), and due process, and constituted the best notice practicable under the circumstances; and due and sufficient notices of the fairness hearing and the rights of all Class Members have been provided to all people, powers and entities entitled thereto.

8. All requirements of the Class Action Fairness Act ("CAFA"), 29 U.S.C. § 1711, *et seq.*, have been met, and Defendants have fulfilled their obligations under CAFA.

9. The Court finds that the Settlement is fair, reasonable, and adequate, based on the following findings of fact, conclusions of law, and determination of mixed fact/law questions:

   a. The Settlement was resulted from arm's-length negotiations by experienced and competent counsel overseen by a neutral mediator;

   b. The Settlement was negotiated only after Class Counsel had conducted a pre-settlement investigation and received pertinent information and documents from Defendants;

   c. The Settling Parties were well positioned to evaluate the value of the Class Action;

   d. If the Settlement had not been achieved, both Plaintiffs and Defendants faced the expense, risk, and uncertainty of extended litigation;

   e. The amount of the Settlement — $3,000,000 — is fair, reasonable, and adequate. The Settlement amount is within the range of reasonable settlements that would have been appropriate in this case;

   f. At all times, the Class Representatives have acted independently;

   g. The Class Representatives and Class Counsel have concluded that the Settlement Agreement is fair, reasonable and adequate;

   h. Class Members had the opportunity to be heard on all issues regarding the resolution and release of their claims by submitting objections to the Settlement Agreement to the Court; and

    i.  No objections to the Settlement were filed with this Court. One objection addressed solely to Class Counsel was provided by Class Counsel to the Court. This unfiled objection did not contest the adequacy of the Settlement, and is overruled.

    j.  The Settlement was reviewed by an independent fiduciary, Nicholas Saakvitne, Esq., who has approved the Settlement.

  10.  The Motion for Final Approval of the Settlement Agreement is hereby GRANTED, the settlement of the Class Action is APPROVED as fair, reasonable and adequate to the Plans and the Settlement Class, and the Settling Parties are hereby directed to take the necessary steps to effectuate the terms of the Settlement Agreement.

  11.  The operative Complaint and all claims asserted therein, whether asserted by Class Representatives on their own behalf or on behalf of the Class Members, or derivatively to secure relief for the Plans, are hereby dismissed with prejudice and without costs to any of the Settling Parties, except as otherwise provided for in the Settlement Agreement.

  12.  Each Class Member and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns, shall be (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants, the Plans, and the Released Parties from all Released Claims, and (ii) barred and enjoined from suing Defendants, the

Plans, or the Released Parties in any action or proceeding alleging any of the Released Claims, even if any Class Member may thereafter discover facts in addition to or different from those which the Class Member or Class Counsel now know or believe to be true with respect to the Class Action and the Released Claims, whether or not such Class Members have executed and delivered a Former Participant Claim Form, whether or not such Class Members have filed an objection to the Settlement, and whether or not the objections or claims for distribution of such Class Members have been approved or allowed.

13. The Plans and each Class Member (and their respective heirs, beneficiaries, executors, administrators, estates, past and present partners, officers, directors, agents, attorneys, predecessors, successors, and assigns) on behalf of the Plans shall be (i) conclusively deemed to have, and by operation of the Effective Approval Order shall have, fully, finally, and forever settled, released, relinquished, waived, and discharged Defendants and the Released Parties from all Released Claims, and (ii) barred and enjoined from suing Defendants or the Released Parties in any action or proceeding alleging any of the Released Claims, even if the Plans or any Class Member on behalf of the Plans may thereafter discover facts in addition to or different from those which the Plans or any Class Member now knows or believes to be true with respect to the Class Action and the Released Claims.

14. The Class Members and the Plans hereby settle, release, relinquish, waive and discharge any and all rights or benefits they may now

have, or in the future may have, under any law relating to the releases of unknown claims, including without limitation, Section 1542 of the California Civil Code, which provides: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor." The Class Members and the Plans with respect to the Released Claims also hereby waive any and all provisions, rights and benefits conferred by any law of any State or territory of the United States or any foreign country, or any principle of common law, which are similar, comparable or equivalent in substance to Section 1542 of the California Civil Code.

15. Each Class Member shall release Defendants, Defense Counsel, Class Counsel, the Released Parties, and the Plans from any claims, liabilities, and attorneys' fees and expenses arising from the allocation of the Gross Settlement Amount or Net Settlement Amount and for all tax liability and associated penalties and interest as well as related attorneys' fees and expenses;

16. The Court finds that it has subject matter jurisdiction over the claims herein and personal jurisdiction over Defendants and the Class Members pursuant to the provisions of ERISA, and expressly retains that jurisdiction for purposes of enforcing this Final Approval Order and/or the Settlement Agreement. Any motion to enforce this Final Approval Order or the Settlement Agreement, including by way of injunction, may be filed in this

Court, and the provisions of the Settlement Agreement and/or this Final Approval Order may also be asserted by way of an affirmative defense or counterclaim in response to any action that is asserted to violate the Settlement Agreement.

17. The Settlement Administrator shall have final authority to determine the share of the Net Settlement Amount to be allocated to each Current Participant and each Authorized Former Participant pursuant to the Plan of Allocation specified in Article VI of the Settlement, which the Court finds to be fair and reasonable.

18. With respect to payments or distributions to Authorized Former Participants, all questions not resolved by the Settlement Agreement shall be resolved by the Settlement Administrator in its sole and exclusive discretion.

19. Upon the effective date of this Order, Defendants, all Class Members, and the Plans shall be bound by the Settlement Agreement as amended and by this Final Approval Order.

SO ORDERED.

Dated:   June 15, 2017
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge